UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ASHLIE ANDRUS-KARKER                                        No. 6:14-cv-02070-AC

                            Plaintiff,                              OPINION AND ORDER

        v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                            Defendant.
_____

ACOSTA, Magistrate Judge:


*Introduction*

        Ashlie Andrus- Karker ("Claimant") seeks judicial review of a final administrative decision

by the Commissioner of Social Security ("Commissioner") denying Claimant's application for

Supplemental Security Income ("SSI"). This court has jurisdiction to review the Commissioner's

decision pursuant to 42 U.S.C. § 405(g) (2015). The Commissioner concedes error and moves the

OPINION AND ORDER - 1                                                        [KCW]

court to remand for corrective administrative proceedings. Claimant opposes additional proceedings and urges the court to reverse and remand for an award of benefits. For the following reasons, the Commissioner's motion to remand should be denied. The case should be reversed and remanded for immediate calculation of benefits.

*Procedural History*

Claimant filed an application for SSI on July 5, 2011, alleging disability beginning January 1, 2000. (Tr. at 56.) Claimant requested a hearing and appeared before Administrative Law Judge John Michaelsen ("the ALJ") on July 10, 2013. (Tr. at 25.) The ALJ issued a decision denying Claimant's petition for benefits on July 19, 2013. (Tr. 8-20.) On November 7, 2014, the Appeals Council denied Claimant's timely request for review of the hearing decision, making the ALJ's opinion the Commissioner's final decision. (Tr. 1-4.) Claimant now seeks judicial review of the agency's decision to deny benefits.

*Legal Standard*

The court reviews the Commissioner's decision to ensure it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g) (2015); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the evidence is susceptible to more than one rational interpretation. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court has discretion when deciding whether to remand for further proceedings or for

immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by additional administrative proceedings because the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2004). The court may not award benefits punitively. *Id*. at 1138.

*Factual Background*

Claimant was born in 1993, and she was 20 years old at the time of the ALJ's decision. (Tr. at 30.) She graduated from high school with a modified degree (special education). (Tr. at 37-38.) In February 2011, Claimant was examined by Barbara Keyworth ("Keyworth"), a licensed school psychologist. (Tr. at 227.) Keyworth administered the Weschler Adult Intelligence Scale-3rd Edition (WAIS-III). (Tr. at 227.) The test showed Claimant had: (1) a Performance IQ of 76 in the borderline range; (2) a Verbal IQ of 89 in the low-average range; and (3) a Full-scale IQ of 81 in the low-average range. (Tr. at 228.) Further testing revealed that Claimant is in the borderline range for reading, mathematics, and written expression. (Tr. at 230.)

In October of 2011, Claimant was evaluated by Dr. Alison Prescott ("Dr. Prescott"), a licensed psychologist. (Tr. at 232-237.) Dr. Prescott reported that Claimant displayed deficits in the following skill areas: social/interpersonal, communication, functional academic, self-direction, and work. (*Id.*) Dr. Prescott made formal diagnoses of an Anxiety Disorder NOS and Borderline Intellectual Functioning. (*Id.*) These diagnoses were formulated on the basis of Dr. Prescott's conversations with Claimant and her performance on tests intended to measure mental function, including the WAIS-IV. (*Id.*) Dr. Prescott concluded it is not likely Claimant can maintain

OPINION AND ORDER - 3                                                    [KCW]

employment without job support services. (*Id*.)

This opinion was echoed in an evaluation by vocational counselor, Heather Lindsey ("Lindsey"). Lindsey evaluated Claimant's proficiency at three different work sites and assessed Claimant's employability. (Tr. at 178.) In Lindsey's evaluation report, she stated that Claimant worked within the acceptable community standards in terms of attendance, punctuality, personal hygiene, working as a team and independently, and staying on task in her designated area. (Tr. at 178-182.) However, Claimant was unable to multitask; needed simple, repetitive tasks; and struggled when she was given only verbal instruction. (*Id*.) Lindsey concluded that Claimant could not maintain a competitive work pace, and the quality of Claimant's work did not meet the competency standard. (Tr. at 181.) Lindsey also reported that while Claimant is a candidate for competitive work she would need long-term support services such as job coaching to ensure success beyond the initial training period. (Tr. at 182.)

The record also includes an evaluation by Claimant's treating therapist, Erin McIntyre ("McIntyre"), from April 2013. (Tr. at 251.) McIntyre described Claimant as able to sustain attention for only 30 minutes at a time during sessions. (*Id*.) McIntyre also reported that Claimant needed help to attend her first couple of counseling appointments because she requires support to overcome her anxiety when going somewhere new. (*Id*.) McIntyre completed a Mental Residual Functional Capacity Assessment that indicated Claimant has "severe" limitation in the following areas: (1) her ability to understand, remember and carry out detailed instructions; (2) her ability to complete a normal workday and work week without interruptions from psychological symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (3)

OPINION AND ORDER - 4                                                    [KCW]

her ability to respond appropriately to changes in the work setting. (Tr. at 248-49.) McIntyre indicated that Claimant has "moderately severe" limitations in: (1) her ability to remember locations and procedures; (2) her ability to maintain attention and concentration for extended periods of time; and (3) her ability to accept instructions and respond appropriately to criticism from supervisors. (*Id*.)

*ALJ Decision*

The ALJ engaged in the five-step sequential evaluation process for evaluating SSI claims. 20 C.F.R. § 416.920 (2015). The claimant bears the burden of proof at steps one through four, but at step five the burden of production shifts to the Commissioner to identify jobs existing in significant numbers in the national economy that the claimant can perform despite his or her residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined Claimant has not engaged in substantial gainful activity since June 23, 2011, the date her application was filed. (Tr. at 13.) At step two, the ALJ determined Claimant has the following severe impairments: (1) borderline intellectual functioning due to low average IQ; and (2) anxiety disorder NOS. (*Id*.) At step three, the ALJ found Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). (*Id*.) Between steps three and four, the ALJ rejected Ms. McIntyre's, Dr. Prescott's, Ms. Lindsey's, and Ms. Keyworth's testimonies and found that Claimant had the following residual functioning capacity ("RFC"):

> [The] capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, repetitive, routine tasks with no more than occasional interaction with supervisors, coworkers and the general public.

(Tr. at 15.)  At step four, the ALJ found Claimant had no past relevant work experience.  (Tr. at 18.) At the fifth step, the ALJ relied on the testimony of a vocational expert ("VE") to help determine the extent to which Claimant's limitations affect her ability to garner competitive employment.  (Tr. at 19.)  The ALJ asked the VE whether there were jobs in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. (*Id*.)  The VE testified such jobs existed, including hand packager, commercial cleaner, and industrial sweeper cleaner.  (*Id*.)  As a result, the ALJ determined Claimant was capable of performing jobs that existed in significant numbers in the national economy and did not qualify as disabled.  (*Id*.)

During cross-examination by Claimant's attorney, the VE also testified to a hypothetical based on an RFC that included the discredited medical and lay testimonies. (Tr. at 46-54.)  The VE testified that Claimant would be precluded from competitive employment based on her below-average productivity, continued need for a job coach, difficulty maintaining attention, inability to remember work-like procedures on a regular and sustained basis, and difficulty completing a normal work day. (*Id*.)

*Discussion*

The Commissioner concedes the ALJ committed prejudicial error by failing to properly evaluate the medical and lay testimonies of Keyworth, Dr. Prescott, Lindsey, and McIntyre.  The remaining question is whether those errors require additional proceedings or an immediate award of benefits.

To determine the impact of the miscredited evidence, the court applies the framework described in *Smolen v. Chater*. 80 F.3d 1273, 1292 (9th Cir. 1996). Evidence is credited and requires an immediate award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. If this "*Smolen* test" is satisfied, the remand for payment of benefits is warranted "regardless of whether the ALJ *might* have articulated a justification for rejecting the opinion." *Harman* at 1179.

Here, the ALJ failed to provide legally sufficient reasons for rejecting the testimonies of Keyworth, Dr. Prescott, Lindsey, and McIntyre. Accordingly, the court will credit those witnesses testimony as true. At step two of the sequential evaluation, the ALJ concluded Claimant has borderline intellectual functioning and an anxiety disorder. This conclusion is identical to Dr. Prescott's 2011 diagnoses. However, when evaluating Claimant's RFC, the ALJ rejected testimony regarding the severity of Claimant's impairments on the basis "there is no evidence . . . for any confirmed psychological diagnosis by an approved medical source in the evidence of [the] record." (Tr. at 18.) The Commissioner concedes that the ALJ should have accepted the medical and lay testimonies as acceptable sources.

Instead, the ALJ credited the State Agency physician's opinion over Dr. Prescott's despite the State's doctor having never examined or interacted with Claimant, formulating his opinion only on an evaluation of Claimant's file. The ALJ rejected medical and lay testimony based on the State Agency opinion that Claimant was not disabled and Claimant's reported daily activities of sitting

around the house, doing household chores, and playing with neighbor children.  The Commissioner concedes that this also was erroneous.  The ALJ failed to fully consider all relevant evidence, affecting the determination of disability. The ALJ did not offer legally sufficient reasons on the record to justify the relative weight he gave the evidence.  Thus, the first prong of the *Smolen* test is satisfied.

The court turns to the second requirement of the *Smolen* test: determining whether there are any outstanding issues in the record relevant to the determination of a disability.  The standard for whether VE testimony is sufficiently developed in the record is presented in *Lingenfelter v. Astrue*. 504 F.3d 1028 (9th Cir. 2007).  In *Lingenfelter*, a VE testified regarding the claimant's ability to work in the national economy based on two hypothetical RFCs. *Id*. at 1041.  First, the VE testified that the claimant could find jobs in the national economy given the RFC articulated by the ALJ.  *Id*. Second, the VE testified that, if the court treated the testimony as true and credited the RFC assessments that included the claimant's impairments, the claimant could not perform work in the national economy.  *Id*.  The ALJ ultimately found the claimant was not disabled based on the VE's testimony regarding the ALJ's own RFC assessment.  *Id*.  On appeal, the claimant argues the ALJ erred in rejecting the testimony.  *Id*.  The court agreed and credited as true the testimony by the VE based on the claimant's witnesses.  *Id*.  Because the record contained testimony by the VE based on the claimant's witnesses' RFC assessments, the court concluded there were no outstanding issues which would require additional administrative proceedings and remanded the case for immediate calculation of benefits.  *Id*.

The case at hand is analogous to *Lingenfelter*.  As in *Lingenfelter*, the ALJ improperly discredited testimony regarding the severity of Claimant's impairments and functional limitations.

OPINION AND ORDER - 8                                                    [KCW]

Similarly, the Claimant's attorney asked the VE a hypothetical question based on the impairments identified in the discredited testimonies of Dr. Prescott, Ms. Keyworth, Ms. Lindsey, and Ms. McIntyre. As in *Lingenfelter*, the VE concluded that based on those limitations, Claimant was precluded from competitive employment. Thus, like in *Lingenfelter*, there are no outstanding issues which would require additional administrative proceedings. The Commissioner nonetheless argues that the record needs to be further developed regarding the impact of the limitations outlined in the discredited evidence. The Commissioner contends an award of benefits would be hasty and not based on substantial evidence. The court disagrees. The presence and completeness of evidence from the VE, Dr. Prescott, Lindsey, and McIntyre resolves any outstanding issues, eliminates the need for additional proceedings, and adequately supports the conclusion that the claimant is disabled. Thus, the second prong of the *Smolen* test is satisfied.

The third step of the *Smolen* test requires the court to determine whether the ALJ would be required to find Claimant disabled in light of the credited evidence. If the ALJ properly credited the opinions of Keyworth, Lindsey, and Dr. Prescott, he would have been required to assess an RFC similar to that described by Claimant's attorney during his/her cross-examination of the VE. The VE testified that an individual with those functional limitations would be unable to find and maintain work in the national economy. Thus, if the ALJ credited Claimant's witnesses' testimony as true, and the VE's testimony was based on an RFC similar to that assessed by those witnesses, the ALJ would be required to find Claimant disabled under the Social Security Act. Therefore, the third prong of the *Smolen* test is satisfied, and the court concludes this case should be remanded for an immediate award of benefits.

OPINION AND ORDER - 9                                                      [KCW]

*Conclusion*

The ALJ erred by improperly discrediting evidence and concluding that Claimant was not disabled.  The ALJ's credibility analysis was erroneous, based on legally insufficient reasoning,  and does not require further proceedings.  This court REVERSES the ALJ's decision and REMANDS this case for immediate payment of benefits.

DATED this 8th day of August, 2016.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge