UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ASHLIE J. ANDRUS-KARKER,                                Case No. 6:14-CV-02070-AC

                        Plaintiff,                      OPINION AND ORDER

        v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                        Defendant.

---

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Ashley Andrus-Karker's ("Andrus-Karker") unopposed Motion for

Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 33). Although Andrus-Karker

is the claimant in this case, the real party in interest to this motion is her attorney Drew Johnson

("Johnson"). The Commissioner of the Social Security Administration (the "Commissioner") does

PAGE 1– OPINION & ORDER                                                          NHM

not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the

amount of fees sought, the court concludes Johnson is entitled to fees under Section 406(b) in the

amount of $6,549.04, less the Equal Access to Justice Act (28 U.S.C. § 2412) ("EAJA") fees already

awarded in the amount of $5,261.10, for a total amount of $1,287.94.

*Procedural Background*

Andrus-Karker filed her application for Supplemental Security Income ("SSI") on July 5,

2011, alleging an onset date of January 1, 2000. (Op. and Order, ECF No. 28, at 2.) Her initial

application was denied, as was reconsideration of her application. (*Id.*) On July 19, 2013, an

Administrative Law Judge ("ALJ") issued an opinion, finding Andrus-Karker was not entitled to

SSI. (*Id.*) The ALJ engaged in a five-step sequential evaluation process used to evaluate SSI claims.

(*Id.* at 5.) During the evaluation, the ALJ rejected corroborating testimony of two licensed

psychologists, a vocational counselor, and Andrus-Karker's treating therapist. (*Id.* at 2-5.) The

remaining evidence led the ALJ to conclude Andrus-Karker was not entitled to SSI. (*Id.* at 5-6.)

That decision became the final decision of the Commissioner on November 7, 2014, when the

Appeals Council denied Andrus-Karker's request for review. (*Id.* at 2.)

Andrus-Karker sought review of the Commissioner's decision by filing a complaint in this

court on December 31, 2014. Andrus-Karker alleged the ALJ erred in six respects: (1) failing to

credit the results of the worksite evaluation by St. Vincent de Paul; (2) failing to give legally

sufficient consideration to the full opinion of an examining psychologist; (3) failing to consider the

opinion of a school psychologist; (4) failing to give clear and convincing reasons for rejecting

Andrus-Karker's testimony; (5) failing to credit lay witnesses; and (6) insufficient consideration of

the testimony of Andrus-Karker's treating therapist. (Pl.'s Br., ECF No. 18, at 12-19.) Additionally, Andrus-Karker asserted the Commissioner did not meet his burden of proving Andrus-Karker retained the ability to perform work in the national economy. (*Id.* at 19.) On August 8, 2016, this court issued an Opinion and Order finding the ALJ erred by "improperly discrediting evidence and concluding that Claimant [Andrus-Karker] was not disabled. The ALJ's credibility analysis was erroneous, [and was] based on legally insufficient reasoning." (Op. and Order, at 10.) Neither party has appealed.

On November 4, 2016, Andrus-Karker filed a Stipulated Application for Fees Pursuant to the EAJA in the amount of $5,261.10. On November 7, 2016, this court entered an Order granting Andrus-Karker's request for fees pursuant to the Act in the full amount stipulated by the parties. Andrus-Karker filed the instant motion for attorney's fees in the amount of $6,549.04 under Section 406(b) on November 23, 2016. This amount is to be reduced by the funds recovered under the EAJA, bringing the total amount requested by Johnson under the motion for attorney's fees to $1,287.94. The Commissioner does not oppose the motion.

### Discussion

The parties do not dispute Andrus-Karker is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Johnson requests in attorney's fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Andrus-Karker's attorney's fees, the court must ensure the calculation of fees is reasonable to prevent Johnson from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

PAGE 3– OPINION & ORDER                                                                                    NHM

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the twenty-five percent statutory cap. Andrus-Karker and Johnson entered into a contingent-fee agreement, which provided if Johnson obtained payment of past-due benefits in Andrus-Karker's favor, Andrus-Karker would pay him twenty-five percent of the past-due benefits awarded, plus any associated reasonable expenses. (Pl.'s Mot. for Approval of Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 33 ("Pl.'s Mot."), Ex. B.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be

paid to Andrus-Karker. Johnson provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Andrus-Karker. (Pl.'s Mot., Ex. A.)  The Notice of Award informs Andrus-Karker the Administration has withheld in reserve twenty-five percent of Andrus-Karker's past due benefits to pay any attorney fees awarded by the court. (*Id.* at 3.) Johnson seeks the full amount withheld, less the EAJA fees already awarded (*id.*), rendering the amount sought by Johnson consistent with the applicable statutory limit. After determining  the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan,* 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed to always require a fee award of twenty-five percent of the claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).  Here, Johnson seeks twenty-five percent of the past due benefits, the full amount allowable under the statutory cap.

Counsel bears the burden of establishing the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent-fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v.*

*Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case," thus raising the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. 586 F.3d at 1153. The Ninth Circuit focused the risk inquiry, however, by stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.*

### A.  The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested Section 406(b) fee due to the character of Johnson's representation.

### B.  Results Achieved

Johnson's representation was instrumental in obtaining from this court an Order reversing the ALJ's decision and remanding the case for immediate payment of past-due benefits. This was the best possible outcome for Johnson's client. Therefore, this factor does not necessitate a reduction in any attorney's fees award.

/ / / / /

## C. Undue Delays

A court may reduce a Section 406(b) award for delays in the proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Andrus-Karker's opening brief was filed on September 15, 2015, after Johnson's co-counsel requested, and received, an unopposed extension of approximately one month, necessitated by a heavy workload. The Commissioner filed the response brief timely on December 18, 2015, after the Commissioner requested, and received, an extension of aproximately one month. Andrus-Karker filed her reply brief timely on January 13, 2016, after Johnson's co-counsel filed another unopposed extension of roughly one week.

The pendency of this action did not exceed the normal time span of similar actions. Johnson's requests for extensions of time extended the action by just over one month. The delay was not disproportionally long in relation to the overall pendency of the action and was neither unreasonable nor unfounded. There is nothing in the record to suggest the delay attributable to Johnson was "undue." Accordingly, a reduction of Johnson's fee request is unwarranted under this factor.

## D. Proportionality

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Johnson and his co-counsel filed a twenty-page opening brief asserting seven errors by the ALJ, and an eight-page reply brief bolstering his arguments in response to the Commissioner's opposition brief. Johnson argued the case should be remanded to the Commissioner for an immediate award of SSI or, in the alternative, for further proceedings.

According to the Administration's Notice of Award (Pl.'s Mot., Ex. A), Andrus-Karker is entitled to $26,196.14 in retroactive benefits. Based on this figure, Johnson is entitled to – at most – $6,549.04 in attorney's fees due to the statutory twenty-five percent cap. Johnson reports, and the time records confirm, he and co-counsel, Kathryn Tassinari ("Tassinari"), expended slightly more than twenty-seven hours representing Andrus-Karker in this matter. This time expenditure falls within the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Johnson currently seeks $6,549.04 – the full amount allowable by statute – in attorney's fees for his representation of Andrus-Karker before this court, which results in an effective hourly rate of $237.28. This hourly rate is justified by the results Johnson achieved, and is consistent with those found reasonable for Johnson's and Tassinari's services by other judges in this district. *McNamara v. Comm'r of Soc. Sec.*, Civil No. 11-cv-00173-HZ, 2013 WL 2032267 (D. Or. May 14, 2013) (effective hourly rate of $500.00); *Rundell-Princehouse v. Astrue*, No. 1:10-cv-00988-CL, 2012 WL 7188852 (D. Or. Aug. 21, 2012) (effective hourly rate of $888.22); *Wojtecki II v. Comm'r of Soc. Sec.*, Civil No 09-584-ST, 2011 WL 1694462 (D. Or. April 6, 2011) (effective hourly rate of $509.41).

/ / / / /

*E. Risk*

Johnson discusses the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners. He also describes the risks unique to this case, emphasizing a potentially inconsistent record. Many, if not all, of the issues raised by Johnson on Andrus-Karker's behalf are routine in Social Security cases. However, the outcome of the case was far from assured, yet Johnson nevertheless took on the risk of nonpayment when he accepted the case. The court finds no reduction of the request fee is warranted based on the risk and complexity of the case.

As discussed, application of the *Gisbrecht* factors to Johnson's work for Andrus-Karker does not warrant a reduction of the statutorily allowable amount of $6,549.04 in attorney's fees. Therefore, the court should grant Johnson's motion for attorney's fees, and award Johnson the full amount sought.

III.  EAJA Reduction

As mentioned above, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796. This requirement effectively increases "the [amount of the total past-due benefits the claimant actually receives] . . . by the . . . EAJA award. *Id.* Here, the court has already awarded Johnson an EAJA fee, in the amount of $5,261.10. (ECF No. 32.) Now, this court recommends awarding Johnson $6,549.04 in attorney's fees. Thus, the EAJA award is the smaller of the two awards, and it must be refunded to Andrus-Karker.

Johnson, however, need not be the party to refund Andrus-Karker. The Administration is currently withholding $6,549.04 of Andrus-Karker's back payments in order to pay Johnson any

attorney's fees ultimately awarded him. (Pl.'s Mot., Ex. A, at 3.) This court recommends ordering the Administration to reduce the amount it withholds from Andrus-Karker's back payments from $6,549.04 to $1,287.94, and to pay Johnson's attorney's fees from the remaining amount withheld. Doing so would ensure Andrus-Karker receives the appropriate total amount of back payments, while also ensuring Johnson is paid the proper amount in attorney's fees.

*Conclusion*

For the reasons stated, Andrus-Karker's Motion for Attorney Fees (ECF No. 33) in the amount of $6,549.04 should be GRANTED. However, this award should be offset by the entire EAJA recovery already awarded to Johnson, in the amount of $5,261.10. Thus, Johnson's total attorney's fees award should be $1.287.94.

DATED this 23rd day of January, 2017.

JOHN V. ACOSTA
United States Magistrate Judge